# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANDREA M. WIKE, | |
| **Plaintiff,** | 8:22CV355 |
| vs. | |
| DOUGLAS COUNTY, DIANE BATTIATO, official and individual capacity; LILIANA E. SHANNON, official and individual capacity; and ALAN E. SOUTH, official and individual capacity; | ORDER TO SHOW CAUSE |
| **Defendants.** | |

Federal Rule of Civil Procedure 4(m) provides, "If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Plaintiff filed the Complaint on October 11, 2022. (Filing No. 1). On November 1, 2023, Plaintiff filed purported proof of service upon Defendant Alan E. South by serving "Liliana E. Shannon, who is designated by law to accept service of process on behalf of Alan E. South[.]" (Filing No. 7). On November 16, 2022, the Court granted Liliana's motion to strike such proof of service because she is not authorized by appointment or by law to accept service on behalf of Defendant Alan E. South. The Court directed Plaintiff to "request and serve new summons for Defendant Alan E. South." (Filing No. 10). Plaintiff failed to do so. More than 90 days has elapsed since the Complaint was filed, and Plaintiff still has not filed a return of service indicating service on Defendant Alan E. South, a waiver of service has not been filed, Alan E. South has not entered a voluntary appearance, and Plaintiff has not requested an extension of time to complete service. Although Plaintiff is proceeding pro se, she must nevertheless comply with local rules, court orders, and the Federal Rules of Civil Procedure. See *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, *pro se* representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure."); *Bennett v.*

*Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (a litigant's "*pro se* status d[oes] not entitle him to disregard the Federal Rules of Civil Procedure[.]" Accordingly,

**IT IS ORDERED** that Plaintiff shall have until **May 12, 2023,** to show cause why Defendant Alan E. South should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) or for want of prosecution. The failure to timely comply with this order may result in dismissal of Defendant Alan E. South without further notice.

Dated this 12th day of April, 2023.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge