IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANDREA M. WIKE,<br><br>                              Plaintiff,<br><br>        vs.<br><br>DOUGLAS COUNTY, DIANE BATTIATO,<br>official and individual capacity; LILIANA E.<br>SHANNON, official and individual capacity;<br>and ALAN E. SOUTH, official and individual<br>capacity,<br><br>                              Defendants. | **8:22CV355**<br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on defendant Liliana E. Shannon's motion to dismiss (Filing No. 8) and related motions (Filing No. 23; Filing No. 25); defendants Douglas County and Diane Battiato's motion to dismiss (Filing No. 20) and related motions (Filing No. 38); and plaintiff Andrea M. Wike's motion to disqualify judge (Filing No. 37) and other miscellaneous motion (Filing No. 33). For the reasons set forth herein, the Court declines to recuse, grants defendants' motions to dismiss, and denies the remaining motions as moot.

## I.    BACKGROUND

This case arises out of an attempted non-judicial foreclosure sale of property owned by plaintiff Wike. *See* Filing No. 1; Filing No. 8-1 at 34. The property in question is encumbered by a deed of trust, and Wike had failed to make payments when due under a loan secured by the deed of trust, prompting the attempted sale. Filing No. 8-1 at 17–26. Defendant Shannon is the successor trustee under the deed of trust that encumbers Wike's property.[1] Filing No. 8-1 at 30. Wike filed suit in a separate case in this Court the

---

[1] Wike also sues Alan E. South in relation to the attempted foreclosure sale but has failed to properly serve him. *See* Filing No. 10 (order granting motion to strike proof of service on South); Filing No. 56 (order to show cause for failure to prosecute as to South).

day before the foreclosure sale was set to take place and the sale was subsequently canceled.  Filing No. 1 at 10.  Wike later filed the present suit after declining to pay the filing fee in the first suit.

Defendants Douglas County and Diane Battiato, the Douglas County Assessor, listed the same property at issue on public tax records.  Filing No. 1 at 4.  Wike sent a document entitled "Notice of Error, Removal of Private Property from Public Record." Filing No. 22-1.  Wike argued her property is not subject to being on public record.  Filing No. 22-1 at 3.  Battiato declined to file the notice.  Filing No. 1 at 5.

In her complaint, Wike argues that her property is not subject to auction or public registration because it is her private property and is not located "in or within the state of Nebraska" because she has not ceded it to the United States.  *See* Filing 1.  Based on these facts, Wike alleges five causes of action: 1) "Fourth Article Bill of Rights" for invasion of privacy against all Defendants; 2) invasion of privacy under Neb. Rev. Stat. § 20-203 for intrusion on seclusion against defendants Shannon and South; 3) abuse of office as to Battiato; 4) "Fifth Article Bill of Rights" for unlawful taking against all Defendants; and 5) violation of the Fair Debt Collection Practices Act against Shannon.  Filing No. 1 at 3– 10.  Shannon, Battiato, and Douglas County move to dismiss Wike's complaint for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).  Filing No. 8; Filing No. 20.  Wike also moves to disqualify the presiding judge for alleged partiality.  Filing No. 37.

II.     **ANALYSIS**

A. **Standard of Review**

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp.*, 550 U.S. at 555). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *See id.* (describing a "two-pronged approach" to evaluating such motions: First, a court must accept factual allegations and disregard legal conclusions; and then parse the factual allegations for facial plausibility). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### B. Motion to Recuse

First, the Court addresses Wike's motion to disqualify the undersigned judge. Filing No. 37.  Wike states that in her earlier-filed case, he referred to her arguments as "similar with those who act as 'sovereign citizens.'"  *Id.* at 2 (citing Filing No. 7, *Wike v. Douglas County*, 22cv297).  She argues this term has an "odious connotation" and "cast[s] doubt on the Court's ability to remain impartial."  *Id.*

Under 28 U.S.C. § 455(a), a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  "Disqualification under 28 U.S.C. § 455(a) is required if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown."  *Burton v. Nilkanth Pizza Inc.*, 20 F.4th 428, 434 (8th Cir. 2021).  "Section 455(a) sets forth an objective standard for assessing a judge's duty to recuse; the question is whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case."  *United States v. Melton*, 738 F.3d 903, 905 (8th Cir. 2013).

"Despite section 455(a)'s broad scope, it does not literally extend to any kind of doubtful behavior."  *Id.*  "For instance, expressions of impatience, dissatisfaction, annoyance, and even anger are not sufficient to require recusal."  *Id.*  Judicial remarks "that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge."  *Liteky v. United States*, 510 U.S. 540, 555 (1994).  "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the

4

substantial burden of proving otherwise." *Pope v. Fed. Exp. Corp.*, 974 F.2d 982, 985 (8th Cir. 1992).

In the present case, there is no basis for disqualification under the standards set forth above. Even taking the comment regarding Wike's sovereign-citizen arguments in a separate case as a "remark . . . critical or disapproving of, or even hostile to [Wike]," *Liteky*, 510 U.S. at 555, the undersigned judge's impartiality cannot reasonably be questioned by an objective person apprised of the circumstances. Accordingly, Wike has not met her burden and the motion to recuse, Filing No. 37, is denied.

**C. Shannon's Motion to Dismiss**

Shannon moves to dismiss all five claims in Wike's complaint. Filing No. 8. As an initial matter, the Court notes that Count III, abuse of office, is against Battiato only and does not state any allegations against Shannon. The Court will address the remaining causes of action in turn.

*1. "Fourth Article Bill of Rights": Invasion of Privacy*

Wike alleges Defendants violated her "constitutionally protected right to be secure in [her] property from seizure by administering Subject Property for public purpose without due process of law." Filing No. 1 at 3. As to Shannon specifically, Wike argues that after Battiato declined to file Wike's notice declaring her property not subject to public record, Shannon and defendant South "show[ed] up out of nowhere and attempt[ed] to administer Plaintiff's Subject Property," apparently in reference to either an inspection or the attempted foreclosure sale. *Id.* at 6.

While it's unclear exactly what authority Wike relies on upon, by her reference to the "Bill of Rights," and language akin to that in the Fourth Amendment it appears she is

5

alleging a constitutional violation resulting from the "administering" of her property. However, there are no allegations that Shannon is a state actor or private actor who conspired with state officials such as would subject her to constitutional restrictions.  *See, e.g.*, *Dossett v. First State Bank*, 399 F.3d 940, 951 (8th Cir. 2005) ("Under [42 U.S.C.] § 1983, a plaintiff must establish not only that a private actor caused a deprivation of constitutional rights, but that the private actor willfully participated with state officials and reached a mutual understanding concerning the unlawful objective of a conspiracy."). Wike alleges only that Shannon "sometimes acts as a certified lawyer for business entities and is admitted to practice law in the State of Nebraska."  Filing No. 1 at 2.  This does not support that Shannon could be liable for a constitutional violation as either a state or private actor.  Shannon's motion to dismiss this count for failure to state a claim is granted.

   2.  *Invasion of Privacy Under Neb. Rev. Stat. § 20-203*

In her count for invasion of privacy under state law, Wike alleges a woman trespassed on her property "on behalf of" Shannon's law firm, SouthLaw, P.C., to conduct an appraisal of the property.  Filing No. 1 at 6.  Wike alleges Shannon further invaded her privacy when she "published online the Subject Property which caused harassment with multiple letters, texts and phone calls from unknown persons."  Id.

Neb. Rev. Stat. § 20-203 provides a cause of action for invasion of privacy by intrusion upon a person's solitude:  "Any person, firm, or corporation that . . . intrudes upon any natural person in his or her place of solitude or seclusion, if the intrusion would be highly offensive to a reasonable person, shall be liable for invasion of privacy."  Neb. Rev. Stat. § 20-203.  Nebraska courts have interpreted Neb. Rev. Stat. § 20-203 narrowly. The Supreme Court of Nebraska described the invasion of privacy contemplated by Neb.

Rev. Stat. § 20-203 as "consist[ing] solely of an intentional interference with [the plaintiff's] interest in solitude or seclusion, either as to his person or as to his private affairs or concerns, of a kind that would be highly offensive to a reasonable [person]." *Kaiser v. W. R/C Flyers, Inc.*, 477 N.W.2d 557, 562 (Neb. 1991) (quoting Restatement (Second) of Torts § 652 at 378 cmt. a). The allegations in Wike's complaint do not rise to the level of being highly offensive to an objectively reasonably person. "Trespassing onto real property, without more, is simply not the form or magnitude of interference into a person's solitude or seclusion that would rise to the level of being highly offensive to a reasonable person, such as might be actionable under § 20-203." *Whipps Land & Cattle Co. v. Level 3 Commc'ns, LLC*, 658 N.W.2d 258, 270 (Neb. 2003).

Additionally, the Deed of Trust[2] provided the trustee (Shannon) with the contractual right to inspect the property and publish notice of the foreclosure sale. Filing No. 8-1 at 21–24. Therefore, Wike's complaint also fails to state a claim for invasion of privacy because Shannon was permitted to undertake these actions based on the parties' contract.

Thus, the inspection and publishing of notice regarding the property do not meet the narrow standard for invasion of privacy provided for in Neb. Rev. Stat. § 20-203. Shannon's motion to dismiss this claim is granted.

---

[2] Wike argues the Court should not consider the Deed of Trust in assessing Defendants' motions to dismiss because doing so is a factual determination to be reserved for summary judgment. *See, e.g.*, Filing No. 17 at 4. While a Court generally may not consider matters outside the pleadings in deciding a motion under Fed. R. Civ. P. 12(b)(6), this restriction does not apply to "documents 'necessarily embraced by the complaint.'" *Enervations, Inc. v. Minnesota Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004) (quoting *BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685, 687 (8th Cir. 2003). The Deed of Trust and related documents along with the notice Wike sent to Battiato are necessarily embraced by the Complaint as they form the basis for Wike's allegations against the defendants.

3. *"Fifth Article Bill of Rights": Unlawful Taking*

Wike argues that Shannon publishing notice of the foreclosure sale constituted an unlawful taking "[s]ince the Subject Property is private property [and] not subject to 'public auction.'" Filing No. 1 at 10.

The Fifth Amendment's Takings Clause, which is applicable to the states under the Fourteenth Amendment, provides: "[N]or shall private property be taken for public use, without just compensation." U.S. Const. amend. V.   "The Takings Clause protects property owners from both physical and regulatory takings—the 'direct appropriation of property' by governmental actors and imposition of 'restriction[s] on the use of property that went "too far."'" *Heights Apartments, LLC v. Walz*, 30 F.4th 720, 732–33 (8th Cir. 2022) (quoting *Horne v. Dep't of Agric.*, 576 U.S. 350, 360 (2015)).

First, as set forth above, Wike does not plead any facts to support that Shannon is a governmental actor subject to the restrictions of the Fourteenth Amendment.  Second, Wike pleads that the judicial foreclosure sale was canceled following the filing of her first lawsuit. Filing No. 1 at 10.  Thus, no actionable taking has occurred.  Shannon's motion to dismiss this claim is granted.

4. *FDCPA*

Lastly, Wike argues Shannon violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., by contacting her about the unpaid loan and publishing notice of her default in advance of the attempted foreclosure sale. Filing No. 1 at 11.

The Fair Debt Collection Practices Act regulates 'debt collector[s]." 15 U.S.C. § 1692a(6).  As to a nonjudicial action to effect dispossession of property such as that at issue here, the term "debt collector" means "any person . . . in any business the principal

8

purpose of which is the enforcement of security interests." *Id.* Based on this definition, the U.S. Supreme Court recently determined that "those who engage in only nonjudicial foreclosure proceedings are not debt collectors within the meaning of the Act." *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1038 (2019). The facts in *Obduskey* are nearly identical to those here, with a law firm hired to foreclose on a property after non-payment of a loan. *See id.* at 1034–35. Accordingly, Shannon is not a debt collector within the meaning of the FDCPA and her motion to dismiss this claim is granted.

### D.  Battiato and Douglas County's Motion to Dismiss

Battiato and Douglas County move to dismiss all five claims in Wike's complaint. Filing No. 8. As an initial matter, the Court notes that Count II, invasion of privacy under state statute, and Count V, FDCPA violation, are against Shannon and South only and do not state any allegations against Battiato or Douglas County.

### 1.  Sovereign Immunity

First, Battiato and Douglas County argue they are entitled to sovereign immunity on Wike's claims against them. Wike sues Battiato in both her official and individual capacities.

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446–47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at

9

444; *Nevels v. Hanlon*, 656 F.2d 372, 377–78 (8th Cir. 1981).  Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. § 1983 which seek equitable relief from state employee defendants acting in their official capacity.  Thus, only Wike's actions against Battiato in her individual capacity and her request for injunctive relief are potentially actionable.

As to Wike's federal constitutional causes of action, in order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States.  42 U.S.C. § 1983.  Absent a waiver by the state or a valid congressional abrogation of immunity, the Eleventh Amendment grants a state immunity from suits brought in federal court by its own citizens as well as citizens of another state.  *See* U.S. Const. amend. XI; *Fla. Prepaid Postsecondary Educ. Expense Bd. v. Coll. Sav. Bank*, 527 U.S. 627, 635 (1999).  In the absence of consent, a suit in which the state or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment—regardless of the nature of the relief sought.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984).  State officers in their official capacities, like states themselves, are not amenable to suit for damages under § 1983.  *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n. 24 (1997); *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 & n. 10 (1989); *Larson v. Kempker*, 414 F.3d 936, 939 n. 3 (8th Cir. 2005).  Wike does not point to, nor was the Court able to locate, any authority indicating Nebraska has waived or Congress has abrogated immunity for "Fourth Article Bill of Rights" invasion of privacy or Fifth Amendment unlawful taking.  Thus, her federal

constitutional claims are barred against Douglas County and against Battiato in her official capacity.

As to Wike's claim of abuse of office, the Nebraska Political Subdivisions Tort Claims Act ("PSTCA") provides the exclusive remedy for state tort claims against Nebraska and its political subdivisions, including counties.  *See* Neb. Rev. Stat. § 13-906. The PSTCA eliminates the traditional immunity of political subdivisions for certain negligent acts of their employees.  *See First Nat'l Bank v. State*, 488 N.W.2d 343 (Neb. 1992); *see also Kent v. State*, 225 N.W. 672 (Neb. 1929) (holding that by consenting to be sued state merely waives its immunity).  The PSTCA does not waive immunity for the following:

> (1) Any claim based upon an act or omission of an employee of a political subdivision, exercising due care, in the execution of a statute, ordinance, or officially adopted resolution, rule, or regulation, whether or not such statute, ordinance, resolution, rule, or regulation is valid;

> (2) Any claim based upon the exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of the political subdivision or an employee of the political subdivision, whether or not the discretion is abused

Neb. Rev. Stat. § 13-910.

Wike's allegations against Battiato are that she abused her office by acting (recording Wike's property) and failing to act (not recording Wike's purported notice). However, Battiato was acting pursuant to her statutorily imposed obligations.  *See, e.g.*, Neb. Rev. Stat. § 77-201 (real property shall be subject to taxation); Neb. Rev. Stat. 77-1311 (county assessor shall supervise assessment of all real property in the county); Neb. Rev. Stat § 77-129 (assessment roll is a complete and verified list of all real and taxable property in the county).  Battiato's actions are thus are exempted from the PSTCA's

waiver of immunity under Neb. Rev. Stat. § 13-910(1) & (2) and Wike's claims based thereon are dismissed.

In addition to those barred by immunity, Wike's remaining claims (against Battiato in her individual capacity and against Battiato and Douglas County to the extent she seeks equitable relief) must be dismissed for failure to state a claim upon which relief can be granted as follows.

1. *Fourth Article Bill of Rights: Invasion of Privacy and Fifth Article Bill of Rights: Unlawful Taking*

Wike alleges Battiato violated her rights by "assessing and maintaining Subject Property on a public tax roll" and by not acquiescing to Wike's request "to correct the public record by removing the private Subject Property" from public records.  Filing No. 1 at 3–4.

Wike fails to demonstrate how Battiato maintaining public tax records and declining to exempt Wike's property resulted in a violation of her constitutional rights.  First, Battiato has a statutorily imposed duty to maintain the records Wike complains of.  *See, e.g.*, Neb. Rev. Stat. § 77-201 (real property shall be subject to taxation); Neb. Rev. Stat. 77-1311 (county assessor shall supervise assessment of all real property in the county); Neb. Rev. Stat § 77-129 (assessment roll is a complete and verified list of all real and taxable property in the county).  Second, as to her takings claim, Wike admits the foreclosure sale was canceled, and thus no taking has occurred.  Accordingly, these counts are dismissed for failure to state a claim upon which relief can be granted.

2. *Abuse of Office*

Wike next argues that Battiato has violated her rights by abusing her office and engaging in "official misconduct" when she failed to record the notice of private property

Wike presented to her.  Filing No. 1 at 7–8.  However, as set forth above, Battiato has statutorily imposed duties to administer public records including those pertaining to Wike's property.  Her performance of these duties in compliance with the law did not result in an abuse of her office.  Furthermore, the statute Wike cites in support of this claim is a criminal statute that does not provide a private right of action.  *See* Neb. Rev. Stat. § 28-924 ("A public servant commits official misconduct if he knowingly violates any statute or lawfully adopted rule or regulation relating to his official duties.").  Accordingly, this count also fails to state a claim upon which relief can be granted.

Wike's claims against Battiato in her official and individual capacities and against Douglas County are dismissed.

### E.  Miscellaneous Motions

Wike filed a "motion to strike" Shannon's motion to dismiss.  Filing No. 23. Shannon filed a motion to strike Wike's motion to strike, arguing it constituted an additional opposition to her motion to dismiss without leave of the Court.  Filing No. 25. Even if the Court were to consider the additional arguments in Wike's motion to strike, it would not alter the analysis above.  Accordingly, Wike's motion to strike, Filing No. 23, and Shannon's motion to strike, Filing No. 25, are denied as moot given the Court's ruling on the motion to dismiss.

In response to Battiato and Douglas County's motion to dismiss, Wike filed what she called a motion to strike.  Filing No. 38.  Upon closer examination, this is just Wike's opposition to the motion to dismiss.  The Court has considered the arguments therein and therefore denies Filing No. 38 as moot based upon its ruling on the motion to dismiss.

Lastly, Wike filed an interlocutory appeal, Filing No. 32, relating to a separate, earlier order which was later dismissed by the Eighth Circuit Court of Appeals, Filing No. 54. Currently pending is Wike's second "motion to appeal order" which related to the same interlocutory appeal. Filing No. 33. Given that Wike was permitted to file her interlocutory appeal and the Eighth Circuit subsequently dismissed it, Filing No. 33 is now moot and is denied as such.

## III.   CONCLUSION

For the reasons set forth herein, the Court declines to recuse, grants defendants' motions to dismiss, and denies the remaining motions.

IT IS ORDERED:

1. Defendant Liliana E. Shannon's motion to dismiss, Filing No. 8, is granted;

2. Defendants Douglas County and Diane Battiato's motion to dismiss, Filing No. 20, is granted;

3. Plaintiff Andrea M. Wike's motion to disqualify judge, Filing No. 37, is denied;

4. Plaintiff Andrea M. Wike's motions to strike, Filing No. 23 and Filing No. 38, are denied as moot;

5. Defendant Liliana E. Shannon's motion to strike, Filing No. 25, is denied as moot; and

6. Wike's motion to appeal order, Filing No. 33, is denied as moot.

Dated this 25th day of April, 2023.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge