IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANDREA M. WIKE,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>ALAN E. SOUTH, official and individual capacity;<br><br>　　　　　Defendant. | 8:22CV355<br><br>ORDER |

　　　　This matter comes before the Court on Plaintiff's Motion for Extension to Show Cause (Filing No. 59). Plaintiff requests an extension of time from May 12, 2023, to May 19, 2023, to show cause why Defendant Alan E. South should not be dismissed for failure to serve process under Rule 4(m) of the Federal Rules of Civil Procedure. Plaintiff requests an extension because she is "not well versed in the 'legal' realm . . .," she "[r]equires more time to adequately address the Order," and she is "pursuing a claim of trespassing and harm with firsthand knowledge with a verified Complaint." The Court will deny her motion.

　　　　Plaintiff filed the Complaint on October 11, 2022. (Filing No. 1). On November 1, 2022, Plaintiff filed purported proof of service upon Defendant Alan E. South by serving "Liliana E. Shannon, who is designated by law to accept service of process on behalf of Alan E. South[.]" (Filing No. 7). On November 16, 2022, the Court granted Liliana's motion to strike such proof of service because she is not authorized by appointment or by law to accept service on behalf of Defendant Alan E. South. The Court directed Plaintiff to "request and serve new summons for Defendant Alan E. South." (Filing No. 10). Plaintiff failed to do so. Accordingly, on April 12, 2023, the undersigned magistrate judge issued a show cause order requiring Plaintiff to show cause why Defendant Alan E. South should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) for failure to serve process. (Filing No. 56). The show cause order warned Plaintiff that failure to timely comply with the order may result in dismissal of Defendant Alan E. South without further notice. The deadline for responding to the show cause order was May 12, 2023.

　　　　Plaintiff mailed the instant motion asking for an extension on May 12, 2023, which was received by the clerk of court on May 15, 2023. (Filing No. 59). Plaintiff's motion was not a

timely response to the Court's May 12, 2023, deadline. Although the Federal Rules of Civil Procedure do provide some circumstances under which three days are added to a deadline for mailing, this mailing rule does not apply here. Rule 6(d) provides, "When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d). This mailing rule does not apply to Plaintiff for two reasons. First, Plaintiff received e-filing permission from the clerk of court on April 6, 2023, and received electronic service of the Court's show cause order on April 12, 2023, not mail service. Second, the Court's show cause order set May 12, 2023, as the specific deadline to show cause, and did not direct Plaintiff to act within a certain number of days after service of the Court's order. The time-computation provisions of Rule 6 "apply only when a time period must be computed. They do not apply when a fixed time to act is set." See Fed. R. Civ. P. 6(a) advisory committee's note to 2009 amendment. The Court fixed May 12, 2023, as the deadline to act, and Plaintiff failed to do so. "[P]arties who proceed pro se are bound by and must comply with all local and federal procedural rules[.]" NEGenR 1.3(g). Plaintiff therefore did not timely respond to the show cause order's May 12, 2023, deadline by mailing her motion on the deadline.

Nevertheless, the Court would also exercise its discretion to deny Plaintiff's motion to extend the show cause deadline. Plaintiff has been on notice since **November 16, 2022**, that she needed to request and serve new summons for Defendant Alan E. South pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. On April 12, 2023, Plaintiff was again advised that Defendant Alan E. South had not been served, and was provided an additional thirty days to remedy the deficiency, which is more than enough time to take some action, even though Plaintiff is proceeding pro se. Plaintiff has had plenty of time and chances to serve Defendant Alan E. South, and she failed to do so. Accordingly, the Court finds her requested additional 7-days to show cause would not make a difference to its Findings and Recommendation entered on May 15, 2023, recommending dismissal of Defendant Alan E. South for failure to serve process under Rule 4(m). Upon consideration,

**IT IS ORDERED** that Plaintiff's Motion for Extension to Show Cause (Filing No. 59). is denied.

Dated this 16th day of May, 2023.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge